UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Kim Koehler,

                               Plaintiff,         **COMPLAINT**

        -against-

                                **JURY TRIAL DEMANDED**

Domenick DeNigris, Inc.,

                               Defendant.
------------------------------------------------------------------X

## JURISDICTION AND VENUE

1. **Federal Question Statute:** 29 U.S.C § 2601 et. seq. Family and Medical Leave Act.

2. **Jurisdictional Statute**: 28 U.S.C. §1331 (Federal Question).

1. **Supplemental State Law Statute under 28 U.S.C:** New York Labor Law §215 and New York Executive Law §296 et seq.

4. **Basis for venue in the Southern District of New York ("SDNY" )**: (i) 28 U.S.C. §1391(b)(1)- A Defendant resides in the SDNY, and (ii) 28 U.S.C. §1391(b)(2)- A substantial part of the events or omissions giving rise to the claim occurred in the SDNY.

## THE PARTIES

5. Plaintiff Kim Koehler ("Koehler") or ("Ms. Koehler") resides at 3194 Rawlins Avenue, Bronx, NY, 10465.

6. Defendant Domenick DeNigris, Inc. ("Defendant") is a New York Corporation located at 1485 Bassett Ave., Bronx, NY 10461, and doing business in the State of New York.

## PLACE OF EMPLOYMENT

7. The address at which Plaintiff Koehler was employed or sought employment by Defendant (s) is:

    **Street Address**: 1485 Bassett Ave,
    **City, State, Zip code**: Bronx, NY, 0461.

## BACKGROUND FACTS

1. Domenick DeNigris is a company that provides monument and memorial manufacturing services in the State of New York[1].

2. Plaintiff Koehler worked for Defendant from September 1995 until January 27, 2022, as a secretary for the accounts receivable department.

3. Defendant paid Plaintiff $26.00 per hour for 25 hours of work per week.

4. Plaintiff's job duties included, but were not limited to, answering phones, billing, and executing payroll functions when her manager was not in the office.

5. At the onset of COVID-19, Defendant's business remained open.

6. Ms. Koehler was not able to work because her children needed childcare during the pandemic. As such, she had to go out on unemployment. Despite being on unemployment, Ms. Koehler worked for Defendant twice a week as allowed under the law.

7. While Ms. Koehler was at the office, Defendant would frequently ask her why she was taking so long to return to work and commented she was a burden due to her caretaking responsibilities for her children.

8. Plaintiff returned to work in September 2021.

9. Plaintiff's son was born on July 7, 2017. He was born with undescended testicles, and due to his condition, he would often need testosterone shots and surgery. He recieved the first surgery in April 2018 and the second one in October 2018.

10. The Defendant was aware of Plaintiff's son's condition and the special care he needed.

11. Ms. Koelher had to take her son to the doctor again in October 2021. She took him back to the urologist to get the testosterone shots. She would leave the office twice a week to get injections leading up to her son's surgery. In December of 2021, the endocrinologist wanted to administer five weeks of testosterone injections to my Plaintiff's son. After the treatment, the subsequent surgery was scheduled for February 02, 2022.

12. Plaintiff requested paid family leave for the days leading up to the surgery because she needed time to care for her son's serious illness.

13. Ms. Koehler was on paid leave on January 27, 2022, two days before her son's surgery. Defendant called Ms. Koehler and told her, "If you can not commit to work, then do bother to come in." Plaintiff told Defendant her son's surgery was in two days; however, they hung up on her.

14. Ms. Koehler tried to contact Defendant numerous times; unfortunately, they did not reach back

---

[1] https://www.denigrismonuments.com/

to her and fired her following her request for medical leave.

## FIRST CAUSE OF ACTION
(Failure to provide Medical Leave)
(29 U.S.C § 2601 et. seq.)

15. Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

16. The provisions of 29 U.S.C § 2601 covered Defendant and protected Plaintiff.

17. Under §2615, it is unlawful for an employer such as Defendant to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the Family and Medical Leave Act.

18. Specifically, Defendant had a legal duty to notify Plaintiff of her rights and provide her with protected FMLA leave. The FMLA requires Defendant to provide employees with written notice of their FMLA rights and grant them protected leave when they have a family member with a serious health condition. Plaintiff required protected FMLA leave to assist her son in undergoing testicle surgery, a serious medical procedure. Instead of complying with the FMLA, Defendant failed to do so by firing Plaintiff when she took the leave.

19. Then Defendant subjected Plaintiff to an adverse employment action when they fired Plaintiff for exercising her rights under the FMLA rights. Defendant violated 29 U.S.C §2615 and is liable for lost wages, liquidated damages, and attorney fees

## SECOND CAUSE OF ACTION
(Retaliation under the FMLA)
(29 C.F.R. § 825.220 et. seq.)

20. Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

21. The Defendant is an "employer" under the Family and Medical Leave Act 29 U.S. Code § 2611 (4)(A)(i).

22. Under §825.220, it is unlawful for an employer such as Defendant to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the Family and Medical Leave Act. §825.220 further states that Interfering with the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but punishing an employee from using such leave.

23. Specifically, Defendant had a legal duty to provide Plaintiff with protected FMLA leave. Plaintiff required protected FMLA leave to assist her son in undergoing testicle surgery, a serious medical procedure. Instead of complying with the FMLA, Defendant failed to do so by firing Plaintiff when she took the leave.

24. Defendant then subjected Plaintiff to an adverse employment action by firing Plaintiff for exercising her FMLA rights. Defendant violated 29 U.S.C §825.220 and is liable for lost wages, front pay, emotional distress damages, and attorney fees.

## THIRD CAUSE OF ACTION
## FOURTH CAUSE OF ACTION
(Disability Discrimination)
(§ 296 New York State Executive Law)

25. Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

26. The Defendant is "employer" under § 296 of the New York State Executive Law, Chapter 18 Article 15.

27. Defendant subjected Plaintiff to adverse employment action when they discriminated against Plaintiff because of her son's disability, terminating her employment with the company in violation of the NYSHRL.

28. Accordingly, Defendant discriminated against Plaintiff based on her son's disability in violation of the NYSHRL, causing Plaintiff economic and non-economic damages.

## JURY DEMAND

29. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff respectfully prays that this Court enters a judgment:

  i. Directing Defendant to pay Plaintiff all economic and non-economic damages afforded to her under the Family and Medical Leave Act and the NYSHRL.

  ii. Directing Defendant to pay prejudgment interest, post-judgment, interest, costs and disbursements, and such other and further relief as this Court deems just and equitable.

  iii. Directing Defendant to pay the reasonable attorney fees, costs, and expenses incurred in litigating this, Action.

  iv. Any other damages to which Plaintiff may be afforded in law or equity as determined by the Court.

Dated:   White Plains, New York
         January 25, 2022

/s/ Jordan El-Hag
By: _____
Jordan El-Hag, Esq.
El-Hag & Associates, P.C.
Attorney for Complainant
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
Jordan@elhaglaw.com